IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EUGENE CAVNESS, P38865,  )<br>)<br>Plaintiff(s),  )<br>)<br>v.  )<br>)<br>UNITED STATES, et al.,  )<br>)<br>Defendant(s).  )<br>_____ ) | No. C 16-5288 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a <u>pro se</u> complaint for damages under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), alleging that a recent copy of his birth certificate, which lists the "color or race" of his mother and father as "Negro," shows that the United States has "denationalized" and deprived him of his "proper person and birthright" in violation of his constitutional rights. Plaintiff also seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.     Legal Claims

The Supreme Court recognized in Bivens that a private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents.  See Bivens, 403 U.S. at 392-97. But absent a waiver of sovereign immunity, the Bivens remedy exists solely against individual federal officials, not against the United States.  See Kreines v. United States, 33 F.3d 1105, 1109 (9th Cir. 1994); Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988).  Because the United States has not waived its sovereign immunity from a "denationalization" claim such as plaintiff's, it cannot be sued for damages on such a claim under Bivens.  See id.

Plaintiff's naming of President Obama as an additional defendant does not compel a different conclusion.  Because the President did not have any personal involvement in the "denationalization" plaintiff claims, plaintiff cannot maintain such a Bivens claim for damages against the President in his individual capacity. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988) (Bivens action may be maintained against a federal employee "in his or her individual capacity only, and not in his or her official capacity").

Plaintiff's attempt to secure damages under FTCA also is of no avail. FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of

any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The United States is only liable "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. Put simply, the United States waives sovereign immunity only under circumstances where local law would make a private person liable in tort. United States v. Olson, 546 U.S. 43, 44 (2005). Plaintiff's "denationalization" claim does not fall within FTCA's scope because it does not involve actions or omissions that would make a private person liable in tort. See id. Moreover, the claim arises from actions or omissions of the framers of the Constitution that occurred well before FTCA's operative date of January 1, 1945. See Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) (claims arising out of fact of slavery occurred prior to 1945 and are outside scope of FTCA).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: 11/18/2016

CHARLES R. BREYER
United States District Judge